**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GARY TOWNS and GERARD BARROW, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHEASTERN SHUTTLE SERVICES, INC., ROBERT STEPHENS, and KAY GRESHAM, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

PLAINTIFFS GARY TOWNS and GERARD BARROW ("Plaintiffs"), individually and on behalf of all others similarly situated, hereby file this Complaint against DEFENDANTS SOUTHEASTERN SHUTTLE SERVICES, INC. ("Southeastern Shuttle"), ROBERT STEPHENS, and KAY GRESHAM ("Defendants") and for this cause of action state the following:

### *Nature of the Claim*

1.     Plaintiffs bring this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendants' violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq*., which have deprived Plaintiffs and others similarly situated of their lawful wages.

2.      This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### Jurisdiction and Venue

3.      This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4.      Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### The Parties

5.      Plaintiff Towns is a resident of DeKalb County, Georgia and has been employed by Defendants since April 2013.

6.      Plaintiff Barrow is a resident of Gwinnett County, Georgia and has been employed by Defendants since March 2013.

7.     Defendant Southeastern Shuttle is organized under the laws of the State of Georgia, is authorized to do business in the State of Georgia, and maintains a corporate office at 1285 Marks Church Road, Augusta, GA  30909.

8.     Defendant Southeastern Shuttle can be served via its registered agent, Gregory Timothy Bailey, located at 5682 Palazzo Way, Suite 101, Atlanta, GA 30134.

9.     Upon information and belief, Defendant Stephens is a resident of Georgia.  At all times relevant to this action, Defendant Stephens has been Defendant Southeastern Shuttle's owner and officer.  He has acted in the interest of an employer toward Plaintiffs, hired Plaintiffs, exercised responsibility, discretion and control over Plaintiffs' compensation and terms of employment, including their working hours and overtime compensation, and has been a corporate officer with operational control of Southeastern Shuttle.  Therefore, Defendant Stephens may be held liable in his individual capacity as an "employer" for Defendants' FLSA violations.

10.     Upon information and belief, Defendant Gresham is a resident of Georgia.  At all times relevant to this action, Defendant Gresham has been Defendant Southeastern Shuttle's owner and officer.  She has acted in the interest of an employer toward Plaintiffs, hired Plaintiffs, exercised responsibility,

3

discretion and control over Plaintiffs' compensation and terms of employment, including their working hours and overtime compensation, and has been a corporate officer with operational control of Southeastern Shuttle. Therefore, Defendant Gresham may be held liable in her individual capacity as an "employer" for Defendants' FLSA violations.

### *Factual Allegations*

11.     At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and were not exempt from the overtime provisions of the FLSA.

12.     At all times relevant to this action, Defendant Southeastern Shuttle's annual gross sales volume exceeds and has exceeded $500,000.

13.     Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof. Defendants employed Plaintiffs as drivers at their Buford, Georgia location.

14.     At all times relevant to this action, Defendants classified all drivers, including Plaintiffs, as non-exempt for FLSA purposes and paid them on an hourly basis.

15.     Plaintiffs were non-exempt employees within the meaning of the FLSA throughout their employment with Defendants and were subject to the

overtime provisions of the FLSA.  Other drivers employed by Defendants performed similar non-exempt duties and were compensated in a manner similar to Plaintiffs.

16.     During their employment, Plaintiffs regularly worked hours in excess of 40 hours per week for which Defendants compensated them at their regular rates of pay, but failed to compensate them at a rate of time-and-a-half their regular rates of pay.  Plaintiffs' supervisors were aware of the hours Plaintiffs worked for which they were not compensated.

17.     Plaintiffs were deprived of compensation to which they were entitled through Defendants' custom and/or practice of failing to compensate drivers at a rate of time-and-a-half their regular rates of pay for all hours worked over forty in a workweek in violation of the FLSA.

18.     Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs and other current and former drivers in accordance with the FLSA.

19.     Plaintiffs have retained The Weiner Law Firm LLC to represent them in this action and accordingly have incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

### *Collective Action Allegations*

20.     Numerous current and former employees of Defendants exist who are similarly situated to Plaintiffs, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit.  Those similarly situated current and former employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

21.     Those current and former employees similarly situated to Plaintiffs include individuals employed by Defendants as drivers who were not paid properly at a rate of time-and-a-half their regular rates of pay for all overtime hours worked during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

22.     Plaintiffs consent to participate in this collective action.  Plaintiffs' consents are attached hereto as Exhibits 1 and 2 and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## <u>COUNT 1</u>

### **(Overtime Compensation Due Under 29 U.S.C. § 207)**

23.     Plaintiffs re-allege paragraphs 1 through 22 above and incorporates them here by reference.

24.     By engaging in the conduct described above, Defendants failed to pay Plaintiffs and all similarly situated individuals at a rate of pay not less than one-and-a-half times their regular rates of pay for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

25.     Defendants' actions in failing to compensate Plaintiffs and persons similarly situated in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiffs and similarly situated individuals.

26.     As a result of Defendants' violation of the FLSA, Plaintiffs and all similarly situated individuals are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that this Court award Plaintiffs and all similarly situated individuals:

        i.    damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

ii.     an equal amount as liquidated damages pursuant to 29 U.S.C.
        § 216(b);

iii.    prejudgment interest;

iv.     costs of suit, including expenses incurred herein, pursuant 29
        U.S.C. § 216(b);

v.      reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi.     such other and further relief as this Court may deem just and
        proper.

## <u>DEMAND FOR JURY TRIAL</u>

**Plaintiffs hereby demand a jury trial on all claims for which they have a right to a jury.**

DATED: May 5, 2014

                              By: /s/ Andrew L. Weiner
                                  Andrew L. Weiner
                                  Georgia Bar No. 808278
                                  Jeffrey B. Sand
                                  Georgia Bar No. 181568
                                  THE WEINER LAW FIRM LLC
                                  3525 Piedmont Road
                                  7 Piedmont Center, 3rd Floor
                                  Atlanta, Georgia 30305
                                  (404) 205-5029 (Tel.)

8

(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFFS